FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZONA GAIL SPAETH, as Personal Representative of the Estate of Amelia Luera, and on behalf of statutory beneficiaries Angela Luera and Anthony Luera,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PINNACLE BIOLOGICS, INC., a Delaware Corporation, ADVANZ PHARMA, CORP., a Delaware Corporation, and JOHN DOES 1-10,<br><br>　　　　　　Defendants. | No. 2:22-cv-00048-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>**ECF No. 3** |

Before the Court are Plaintiff's Motion to Amend Complaint and Motion to Remand to Spokane County Superior Court, ECF No. 3. Defendants Pinnacle Biologics, Inc. and Advanz Pharma, Corp. ("Defendants") do not oppose Plaintiff's Motion to Amend Complaint or Motion to Remand. *See* ECF No. 5. The Court has reviewed the motions, the record, and is fully informed. Being fully

ORDER - 1

advised, the Court grants Plaintiff's Motion to Amend Complaint and will hold in abeyance Plaintiff's Motion to Remand until Plaintiff files an amended complaint.

## BACKGROUND

On February 24, 2022, Plaintiff filed a complaint for the wrongful death of her mother, Amelia Luera ("Luera"), in Spokane County Superior Court. *See* ECF No. 1-2. Plaintiff's Complaint alleges Luera suffered injuries during a surgical procedure because certain products that were manufactured, marketed, and sold by Defendants malfunctioned during the procedure. ECF No. 3 at 2. Luera passed away four days after the procedure. ECF No. 3 at 2.

On March 17, 2022, Defendants removed this action from Spokane County Superior Court to the United States District Court for the Eastern District of Washington asserting diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a). ECF No. 1 at 1. Defendants' Removal states the requirements of 28 U.S.C. 1332(a) are met as the amount in controversy exceeds $75,000 and complete diversity exists between all parties. ECF No. 1 at 2. Indeed, Plaintiff is a citizen of Washington, Defendant Pinnacle Biologics, Inc.'s principal place of business in Illinois, and Defendant Advanz Pharma, Corp.'s principal place of business is in England. ECF No. 1 at 2.

However, Plaintiff's Complaint also named various John Doe Defendants, whose identities were not known to Plaintiff at the time she filed her Complaint in

ORDER - 2

Spokane County Superior Court. ECF No. 3 at 3. Specifically, one John Doe was alleged to have negligently handled the products at issue during Luera's procedure. Plaintiff's investigation later revealed such John Doe as Giovanni Badini ("Badini"), who, like Plaintiff, is a citizen of Washington. ECF No. 3 at 3. Plaintiff's investigation also showed Badini is employed by Agiliti[1] Health, Inc. ("Agiliti") and works out of an Agiliti office located in the Spokane Valley. ECF No. 3 at 3. Plaintiff asserts further investigation is required to determine whether, at the time of the surgical procedure at issue, Badini was an agent or contractor for Agiliti. ECF No. 3 at 3.

## ANALYSIS

**A. Motion to Amend Complaint**

Due to the discovery of Badini and Agiliti's identities and Badini's citizenship, Plaintiff now moves the Court to grant her Motion to Amend Complaint to include Badini and Agiliti as defendants. ECF No. 3 at 4.

---

[1] Plaintiff's Motion to Amend sometimes spells "Agiliti" as "Agility." However, the Declaration of Plaintiff's counsel consistently uses the spelling "Agiliti." To be consistent with Plaintiff's counsel's declaration, the Court will use the "Agiliti" spelling.

ORDER - 3

1 | Defendants do not oppose Plaintiff's Motion to Amend Complaint.  ECF No. 5 at 1.

Under Federal Rule of Civil Procedure 15(a)(2) a party may amend its pleading with the opposing party's written consent or the Court's leave.  Fed. R. Civ. P. 15(a)(2).  Federal Rule of Civil Procedure 15(a)(2) also provides that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This policy is "to be applied with extreme liberality."  *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001).

Here, Defendants have filed a Statement of Non-Opposition to Plaintiff's Motion to Amend Complaint.  *See* ECF No. 5.  Accordingly, because Defendants do not oppose Plaintiff's Motion to Amend Complaint and pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff's Motion to Amend Complaint to add Badini and Agiliti as defendants is GRANTED.

**B.  Motion for Remand**

Plaintiff also moves the Court to remand this matter based on a lack of complete diversity between the parties.  ECF No. 3 at 4.  Defendants do not oppose Plaintiff's Motion to Remand.  *See* ECF No. 5.

Federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the case is between citizens of different states.  28 U.S.C. § 1332(a).  Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that

ORDER - 4

each plaintiff be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (*citing Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978)). If a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiff's Motion to Remand asserts that once Plaintiff amends her Complaint to add Badini as a defendant, there will no longer be complete diversity as Bandini and Plaintiff are both citizens of Washington. Defendants do not oppose Plaintiff's assertion. However, before the Court can grant Plaintiff's Motion to Remand, Plaintiff must file an amended complaint adding Badini as a defendant in order to defeat diversity. Accordingly, the Court will hold Plaintiff's Motion to Remand in ABEYANCE until Plaintiff files an amended complaint.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion to Amend Complaint, **ECF No. 3**, is **GRANTED.**
2. Plaintiff shall be granted leave to file an amended complaint **no later than May 18, 2022**.
3. Plaintiff's Motion to Remand to Spokane County Superior Court, **ECF No. 3**, will be held in **ABEYANCE** until Plaintiff files an Amended Complaint.

ORDER - 5

4. Upon Plaintiff's filing of an amended complaint, the Court will **GRANT** Plaintiff's Motion to Remand, **ECF No. 3**, and **REMAND** the matter to Spokane County Superior Court.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order, provide copies to the parties, and set a case management deadline for May 18, 2022, for Plaintiff to file an amended complaint.

DATED May 11, 2022.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 6